UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIE GERMANI CANNADY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DISTRICT COURT, et al.,<br><br>    Defendants. | Case No. 2:21-cv-00393-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>ECF No. 12 |

Pending before the Court is Germani Cannady's Motion for Extension of Time to Respond. ECF No. 12. The Motion is, at best, difficult to decipher, but appears to ask the Court to reconsider its Order to transfer jurisdiction to the District of Colorado. ECF No. 12-1 at 2.

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Moraga v. Wolfson*, Case No. 2:16-cv-287-JCM (VCF), 2019 WL 11707396, at *1 (D. Nev. Oct. 10, 2019) *citing Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id. citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). United States District Court for the District of Nevada Local Rule 59-1(b) cautions parties that "[m]otions for reconsideration are disfavored." In subsection (a) of this Rule, the District of Nevada further advises "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). The Ninth Circuit defines "manifest injustice" to mean, at a minimum, that "the challenged decision should involve a significant inequity or the extinguishment of a right before being characterized as manifestly unjust." *Jeffries v. Wood*, 114 F.3d 1484, 1492 (9th Cir. 1997) (*overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, n.4 (9th Cir. 2012).

Plaintiff's Motion does not argue there is any newly discovered evidence, that there has been an intervening change in controlling law or that the Court committed clear error. Instead, Plaintiff

1

quotes rules and statutes that are inapplicable, and argues that the Nevada federal court will be more objective than the Colorado federal court. ECF No. 12-1 at 2. This argument does not support reconsideration of the Court's prior Order adopting the Report and Recommendation to transfer venue.

Accordingly, IT IS HEREBY RECOMMENDED that Germani Cannady's Motion for Extension of Time to Respond (ECF No. 12) be DENIED.

Dated this 15th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).